```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA                 :
                                         :    19cr91-5 (DLC)
           -v-                           :
                                         :    MEMORANDUM OPINION
HERLAND MONTANO-FERNANDEZ,               :        AND ORDER
                                         :
                     Defendant.          :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Following a plea of guilty, Herland Montano-Fernandez was sentenced on January 20, 2023 principally to a term of imprisonment of 120 months. Through a motion filed on March 10, 2025, Montano-Fernandez seeks a reduction in his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. The motion is denied.

## Background

Montano-Fernandez worked with his brother and others to supply enormous quantities of cocaine to the United States following the DEA's expulsion from Bolivia. He was arrested in Peru in 2021 on his way to participate in drug trafficking negotiations in Colombia. In connection with his narcotics trafficking, the defendant colluded with corrupt Bolivian anti-drug government officials.

The parties entered into a plea agreement that included a stipulated guidelines range of 210 to 262 months' imprisonment. Their stipulation included a two-level enhancement pursuant to § 2D1.1(b)(1) because a firearm was possessed.  The Presentence Report also included the two-level firearm enhancement, resulting in an offense level of 37.  It agreed that the guidelines range was 210 to 262 months' imprisonment.

In his sentencing submission, defense counsel proffered that the defendant did not personally possess a firearm during the conspiracy.  He explained that the enhancement stemmed from the weapons possessed by Bolivian law enforcement who were going to protect the cocaine during the first phase of its journey to the United States.  The Government's sentencing submission explained that an armed paramilitary guard was used to protect the outgoing cocaine.

On January 19, 2023, the Court had sentenced the defendant's brother, Jheyson Montano-Fernandez, to 144 months' imprisonment.  In sentencing the defendant, the Court considered among other things his relative culpability, including in comparison to his brother Jheyson, and the conditions of confinement he had experienced.  It imposed a sentence of imprisonment of 120 months.

The defendant seeks reconsideration of his guidelines calculation and the removal of the firearms enhancement.  If the

2

firearms enhancement is removed, he argues that he will qualify for a further two-level reduction in his guidelines range pursuant to § 3582(c)(2) as a zero-point offender.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10.  Martin,

974 F.3d at 136 (citation omitted). Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)." United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782). In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437. If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant

4

offense did not involve specified exclusions.  One such exclusion applies if the defendant possessed a firearm in connection with the offense.  U.S.S.G. § 4C1.1(a)(7).  Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower recidivism rates" than other offenders, including those with one criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment.  U.S.S.G. App. C, Amendment 821, Reason for Amendment.  The Sentencing Commission explained also that the exclusion criteria were informed by data analyses, public comment and existing legislation.  U.S.S.G. App. C, Amendment 821, Reason for Amendment.

    This motion is denied for two independent reasons.  Even if the firearm exclusion for Amendment 821 does not apply here, since the record does not indicate that the defendant personally possessed the firearm, the defendant would still not qualify for resentencing pursuant to Amendment 821.  His sentencing guidelines level was 37.  Applying a two-level decrease for a zero-point offender, the guidelines level becomes 35, with a guidelines range of 168-210.  The defendant was sentenced to 120 months' imprisonment, which is substantially below the bottom of a newly calculated range.  The defendant therefore is not

entitled by Amendment 821 to any further decrease in his sentence.

Moreover, consideration of the § 3553(a) factors weighs strongly against a reduction in the defendant's sentence. He was involved in an enormous cocaine trafficking operation. He has already been given a substantial sentencing reduction because of careful consideration of § 3553(a) factors. No further reduction is warranted.

## Conclusion

Montano-Fernandez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 is denied. Montano-Fernandez having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:   New York, New York
         July 29, 2025

_____
DENISE COTE
United States District Judge